1  RACHEL E. KAUFMAN (Cal. Bar No. 259353)
   KAUFMAN P.A.
2  400 NW 26th Street
3  Miami, FL 33127
   Telephone: (305) 469-5881
4  rachel@kaufmanpa.com
5
   *Counsel for Plaintiff and the Putative Class*
6
7
8
9              UNITED STATES DISTRICT COURT
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11 | TERRY FABRICANT, individually | |
12 | and on behalf of all others similarly situated, | Case No. 2:20-cv-02960-SVW-MAA |
13 | | |
14 | Plaintiff, | FIRST AMENDED COMPLAINT FOR: |
15 | v. | 1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b) |
16 | 7231911 CANADA INC. D/B/A DIGITECH PAYMENTS, | |
17 | | |
18 | Defendant. | Class Action |
19 | | |
20 | | DEMAND FOR JURY TRIAL |

- 1 -
FIRST AMENDED CLASS ACTION COMPLAINT
*Fabricant v. 7231911 Canada Inc.*

Plaintiff TERRY FABRICANT ("Plaintiff"), by his undersigned counsel, for this class action complaint against Defendant 7231911 CANADA INC. D/B/A DIGITECH PAYMENTS and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Defendant"), alleges as follows:

## I.   INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

## II.   PARTIES

2. Plaintiff Terry Fabricant is an individual residing in California, in this District.

3. Defendant 7231911 Canada Inc. is an independent corporation organized under the laws of Quebec province in Canada. Digitech Payments regularly conducts business in this District, including through the making of telemarketing calls, as it did with the Plaintiff.

## III.   JURISDICTION AND VENUE

4. <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because they arise under a law of the United States: 47 U.S.C. § 227.

5. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendant because the challenged calls at the heart of this case were directed into California.

6. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and the challenged calls at the heart of this case were directed by Defendant into this District.

**IV.     THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

7. The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq.*

8. Relevantly, the TCPA provides private rights of action for two types of telemarketing-related conduct.

9. First, Section 227(b) of the TCPA prohibits initiating a telemarketing call using an automatic telephone dialing system or pre-recorded message without the prior express written consent of the called party.

10. "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(f)(8).

11. This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. *Id.* at (f)(i)(A-B).

12. A violation of § 227(b) carries statutory damages of $500 to $1,500 per call.

13. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 at a rate of 168.8 million per day.

www.robocallindex.com (Last Visited September 8, 2020). YouMail estimates that 2019 robocall totals exceeded 60 billion. *See id.*

### V. FACTUAL ALLEGATIONS

14. Defendant's strategy for generating new customers involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

15. Recipients of these calls, including Plaintiff, did not consent to receive them.

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

<u>The Automated Telemarketing Call From Defendant</u>

17. Plaintiff's telephone number, (818)-352-XXXX, is registered to a cellular telephone service, which is the number he received the call on.

18. The Plaintiff received an automated telemarketing call from Digitech Payments on February 12, 2020.

19. Unlike on a normal call, no one promptly announced herself to Plaintiff. Instead, Plaintiff heard an unnatural click and pause.

20. The pause signifies the algorithm of the predictive dialer operating. The predictive dialer dials thousands of numbers at once, and only transfers the call to a live agent once a human being is on the line.

21. The dialing system used by Digitech Payments also has the capacity to store telephone numbers in a database and dial them automatically with no human intervention.

22. Loading a list of telephone numbers into the dialing system and pressing a single command does this.

23. As a predictive dialer, the dialing system can also produce numbers using a sequential number generator and dial them automatically.

24. The dialing system can do this by inputting a straightforward computer command.

25. Following that command, the dialing system will sequentially dial numbers.

26. First, it would dial a number such as (555) 000-0001, then (555) 000-0002, and so on.

27. This would be done without any human intervention or further effort.

28. The caller ID showed the telephone call was from 778-819-0300.

29. Other individuals have complained about calls from 778-819-0300.

30. The application NomoRobo, winner of the FTC's contest related to tracking and stopping unwanted calls, has reported calls from that number as unwanted solicitations. *See* https://www.nomorobo.com/lookup/778-819-0300 (Last Visited September 8, 2020).

31. Other individuals have explicitly asserted that calls from this number are autodialed:

Another hangup immediately after picking up.

Likely an auto-dialer looking for live numbers.

*Caller: Hangup*

*See* https://800notes.com/Phone.aspx/1-778-819-0300 (Last Visited September 8, 2020).

32. As a result, the system that sent an automated call to Plaintiff qualifies as an ATDS pursuant to 47 U.S.C. 227(a)(1)(A).

33. Mr. Fabricant engaged the telemarketer during the telemarketing call to identify them.

34. The salesperson confirmed for the Plaintiff that they were calling from Digitech to offer another company's services.

35. The call was not necessitated by an emergency.

36. Plaintiff's privacy has been violated by the above-described telemarketing robocall from Defendant. The calls was an annoying, harassing nuisance.

37. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

38. <u>Class Definition</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the following class:

> All persons to whom: (a) Defendant or a third party acting on their behalf made one or more non-emergency telephone calls; (b) promoting goods or services; (c) to a cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time in the period that begins four years before the date of filing the original complaint in this case and ends at the date of trial.

("Dialer Class")

39. <u>Exclusions</u>. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, the judges to whom this case is assigned and the legal representatives, assignees, and successors and immediate family members of all of the foregoing.

40. <u>Numerosity</u>. The Class is so numerous that joinder of all its members is impracticable. On information and belief, the Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

41. <u>Commonality</u>. The key questions driving the outcome of this dispute have the same answers for all Class members. Those questions include, but are not limited to, the following:

    a.    Whether Defendant used an ATDS, as defined by *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1043 (9th Cir. 2018);

    b.    Whether Defendant purchased batches of leads of prospects who had not consented to be called by it;

    c.    Whether Defendant's violations of the TCPA were knowing and willful; and

    d.    Whether Defendant should be enjoined from engaging in similar telemarketing in the future.

42. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same course of conduct by Defendant and are based on the same legal and remedial theories.

43. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel with experience in TCPA class litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has interests contrary to or conflicting with those of the proposed Class.

44. <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important advantages, including judicial economy.

45. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel

Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are dwarfed by the cost of prosecution. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are automated and because the TCPA lays down bright-line standards for liability and damages. Class treatment is superior to thousands of individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

46.   Only 1 in 7 million robocalls results in the filing of a federal TCPA suit. *Compare* Herb Weisbaum, *It's Not Just You—Americans Received 30 Billion Robocalls Last Year*, NBC News (Jan. 17, 2018), https://www.nbcnews.com/business/consumer/it-s-not-just-you-americans-received-30-billion-robocalls-n838406 (30.5 billion robocalls); *with* WebRecon, *WebRecon Stats for Dec 2017 & Year in Review* (last visited Oct. 29, 2018), https://webrecon.com/webrecon-stats-fordec-2017-year-in-review/ (4,392 TCPA complaints). Except to the extent that they are remedied by class actions, the other 6,999,999 are made with impunity.

47.   <u>Injunctive and Declaratory Relief is Appropriate</u>. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

48.   <u>Notice</u>. Plaintiff anticipates that the mailing address and/or electronic mailing address of Class members will be obtained during discovery from Defendant's calling records (potentially in conjunction with third-party databases

that map phone numbers to such addresses). Plaintiff anticipates that Class counsel will notify Class members in writing at such addresses.

## VII. FIRST CLAIM FOR RELIEF

### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Dialer Class)

49. Plaintiff and the proposed Dialer Class incorporate the foregoing allegations as if fully set forth herein.

50. Digitech Payments placed numerous calls for telemarketing purposes to Plaintiff's and Dialer Class Members' cellular telephone numbers.

51. Digitech Payments did so using an automatic telephone dialing system.

52. Defendant did so without the prior express written consent of Plaintiff and Dialer Class Members.

53. Plaintiff and Dialer Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(b)(3).

54. Plaintiff and Dialer Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, because Defendant's violations were knowing and/or willful.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by Defendant and/or its affiliates, agents, or related entities violate the TCPA;

E. An order enjoining Defendant and its affiliates, agents and related entities from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award to Plaintiff and the Class of attorney's fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just and proper.

### IX.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 8th day of September, 2020.

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff Terry Fabricant and the Proposed Class*