David J. Kaminski, Esq. (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins, Esq. (SBN 205175)
watkinss@cmtlaw.com
**CARLSON & MESSER, LLP**
5901 West Century Boulevard, Suite #1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

Attorneys for Defendant,
7231911 CANADA INC. D/B/A DIGITECH PAYMENTS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> ELAVON, INC. and 7231911 CANADA INC. D/B/A DIGITECH PAYMENTS, <br><br> Defendant | CASE NO. 2:20-cv-02960-SVW-MAA <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FORUM *NON CONVENIENS*** <br><br> Hearing Date: December 28, 2020 <br> Time: 1:30 p.m. <br> Courtroom: 10A <br> Judge: Hon. Stephen V. Wilson <br> ACTION FILED: MARCH 30, 2020 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

COMES NOW, Defendant 7231911 Canada Inc. d/b/a/ Digitech Payments ("Digitech") and submits its Reply Memorandum in Support of its Motion to Dismiss for Forum *Non Conveniens*

/ / /

/ / /

{00143378;1}

1

## I.    <u>INTRODUCTION</u>

Defendant 7231911 Canada Inc. d/b/a/ Digitech Payments ("Digitech") made calls into the United States for approximately three weeks.  This forum does not have any appreciable interest in this lawsuit.  The private and public factors favor dismissal in favor of a Canadian forum.

Plaintiff's primary argument in Opposition to Digitech's Motion to Dismiss is to rely on the Declaration of Susan Brown (ECF 57-1), which improperly applies foreign law to the specific facts of this case.  *See EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1052 (C.D. Cal. 2013).  Regardless, Ms. Brown points out that there could be a common law claim for nuisance based on the calls at issue, even if not labeled intrusion upon seclusion (Brown Decl. ¶ 7) (57-1 at 2.)

Plaintiff does not even address the public factors that favor dismissal. Digitech's Motion should be granted and Plaintiff's First Amended Complaint ("FAC") should be dismissed in favor of a Canadian forum.

## II.    <u>ARGUMENT</u>

### A.    **Plaintiff fails to show Canada is not an alternative forum**

Plaintiff argues that Canada is not an alternative forum, replying upon the declaration of purported Canadian law expert Susan Brown.  As set forth in Defendant's Objections to the Brown Declaration filed concurrently, Fed. Rule Civ. P.  44.1 is admissible only to aid a court's understanding of foreign law; foreign law experts may not opine as to the ultimate application of the foreign law to the facts of the case.  *EduMoz,* 968 F. Supp. 2d at 1052 (quoting *Krish v. Balasubramaniam*, No. 1:06–CV–01030 OWW, 2006 WL 2884794, *3 (E.D.Cal. Oct. 10, 2006)).

In *EduMoz*, the foreign defendants collectively filed a motion to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(b)(7).  *Id.* at 1044.

Both sides submitted expert declarations on foreign law, and both sides objected to the expert declarations. *Id.* at 1049-50. In addressing these objections, the Court acknowledged the difference between FRE 703 and Fed. R. Civ. P. 44.1:

> EduMoz's reliance on Rule 703 is misguided. Defendants appear to offer Muenda as an expert in foreign law, since the majority of her declaration concerns Mozambican law. As noted, under Rule 44.1, courts, "in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed.R.Civ.Proc. 44.1. "**One common source that judges rely upon in determining foreign law are the affidavits of lawyers who practice law in the country at issue, or who are from the country at issue and are familiar with its laws**." Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc., 623 F. Supp.2d 518, 534 (D.Del.2009); Akande v. Transamerica Airlines, Inc., No. 1039–VCP, 2007 WL 1555734, *7 (Del.Ch. May 25, 2007).

*Id.* at 1052 (emphasis added).

The defendant in *EduMoz*'s expert declaration contained a statement that "the evidence suggests there was no provision for expenditures associated with the contract in Mozambique's budget for 2011". The Court in *EduMoz* held that this did "not assist the court in determining the content of applicable foreign law. The court will therefore disregard this statement as an improper subject of expert testimony on foreign law." *Id.* at 1052 (citing *Krish v. Balasubramaniam*, No. 1:06–CV–01030 OWW, 2006 WL 2884794, *3 (E.D.Cal. Oct. 10, 2006) ("[E]vidence from foreign law experts submitted pursuant to Rule 44.1 is admissible only to aid a court's understanding of foreign law; foreign law experts may not opine as to the ultimate application of the foreign law to the facts of the case").

As set forth in Digitech's objections to the Brown Declaration, Ms. Brown repeatedly applies foreign law to the facts of the case. Therefore, this testimony should be excluded.

Without this improper testimony, Plaintiff's Opposition falls apart, as shown below.

### 1.    Plaintiff fails to show that a Canadian Court would not apply the TCPA

Plaintiff's Opposition does not claim a Canadian court would decline to apply the TCPA to Plaintiff's individual case.  In fact, Section 227(b)(1)(A) of TCPA applies to "any person within the United States**, or any person outside the United States if the recipient is within the United States**…."  47 U.S.C. § 227(b)(1)(A) (emphasis added).

Defendant's motion should be granted on this ground alone.  *See, e.g. Cinematix, LLC v. Einthusan*, No. 19-CV-02749-EMC, 2020 WL 227180, at *2 (N.D. Cal. Jan. 15, 2020) (granting motion to dismiss pursuant to forum non conveniens and holding, "Nor have they argued that a court in Canada cannot apply United States copyright law.")

### 2.    Plaintiff fails to show that Plaintiff could not assert a common law claim in Canada for telemarketing calls

Plaintiff's Opposition concedes that "Canadian law includes a general scheme for protecting Canadian citizens' privacy." (Opp. at 5:19-21)  Instead, citing Ms. Brown's declaration, he claims the only evidence in the record is that Canadian law will not provide a remedy for Digitech's specific conduct for Plaintiff and the putative class.  (Opp. at 5:22-26) (citing Brown Decl. ¶¶ 5-6.)  However, Ms. Brown's assertion that Plaintiff cannot assert an invasion of privacy claim based given the specific facts of this case is contrary to Rule 44.1.  *EduMoz*, 968 F. Supp. 2d at 1052.  Therefore, the only evidence in the record is that Digitech's evidence that Plaintiff could possibly sue for invasion of privacy.

In this regard, Plaintiff's citation to *Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*, 816 F.3d 1366, 1369 (Fed. Cir. 2016) is distinguishable.  (Opp. at 4:9-27, 5:1-3)  The Court in *Halo* held that Canada was not an adequate forum

because in part because "United States copyright law, for example, generally admits of no remedy for extraterritorial infringement unless a predicate act of infringement was first committed within the United States." *Id.* at 1371. In contrast, the TCPA contemplates liability for calls made by persons "outside the United States if the recipient is within the United States." 47 U.S.C. § 227(b)(1)(A).

Moreover, the Court's analysis in *Halo* was focused exclusively on the copyright statutory claim and did not address any available common law claims.

In denying Digitech's motion to dismiss, this Court acknowledged that the claims at issue were based on a privacy invasion:

> As the Ninth Circuit has explained, "Congress identified unsolicited contact as a concrete harm, and gave consumers a means to redress this harm. . . . **Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients**. A plaintiff alleging a violation under the TCPA need not allege any additional harm beyond the one Congress has identified."
> Van Patten, 847 F.3d at 1043

(ECF 46 at 6) (emphasis added). Digitech has demonstrated an individual claim for invasion of privacy for these calls is potentially available. *See Jones v. Tsige,* 108 O.R. (3d) 241, 2012 ONCA 32, Court of Appeal for Ontario, January 18, 2012, Ex. A to Request for Judicial Notice) (ECF 53-1).

Plaintiff asserts that *Jones* is limited to "only intrusions into matters such as one's financial or health records, sexual practices and orientation, employment, diary or private correspondence that, viewed objectively on the reasonable person standard can be described as highly offensive" and likely to induce anguish. *Jones* at para. 72.

Regardless, she also concedes that a common law cause of action for harassing calls may be asserted if not described as intrusion upon seclusion but rather "nuisance":

> In dicta, the Jones case references an earlier case where a judge found that the defendant "**committed the tort of nuisance by invasion of privacy through abuse of telephone communications**." Jones at para. 78. That case concerned a campaign of hundreds of "harassing" and "threatening" phone calls, including death threats to family members, between individuals involved in a protracted business dispute. Provincial Partitions Inc. v. Ashcor Inplant Structures Ltd.1993 O.J. No. 4685, 41 A.C.W.S. (3d) 823, 50 C.P.R. (3d) 497, Ontario Court (General Division).

(Brown Decl. ¶ 7) (57-1 at 2.) (emphasis added). The Court in *Jones* expressly noted that "Although the tort of intrusion upon exclusion has not been fully recognized in Ontario law, several cases award damages for invasion of privacy in conjunction with, or under the head of, a traditional tort such as nuisance or trespass. These claims typically involve intangible harm such as hurt feelings, embarrassment or mental distress, rather than damages for pecuniary losses." *Jones*, at para. 77.

A difference in the law that is unfavorable to the plaintiff should not play a significant role in the forum non conveniens analysis unless the remedy in the alternative forum "is so clearly inadequate or unsatisfactory that it is no remedy at all.*" Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250, 102 S. Ct. 252, 254 70 L. Ed. 2d 419 (1981). This Court in *Herd v. Airbus SAS,* No. 217CV05001SVWMRW, 2017 WL 6504162, at *2 (C.D. Cal. Dec. 11, 2017) held that "It need not be shown that the particular legal cause of action is available in the foreign forum." *Id.*

"Indeed, such a requirement would be *completely nonsensical*." Id. (emphasis added). Rather, a foreign forum is adequate "unless it offers no practical remedy for the plaintiffs complained of wrong." *Id.* (citing *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1144 (9th Cir. 2001).

Even if a Canadian court would not apply the TCPA, it is not as if Plaintiff has no remedy at all—he still has a potential common law claim for invasion of privacy, nuisance, or trespass. *Halo* is therefore irrelevant. Regardless, the decisions of the Federal Circuit are not binding on this court.

Plaintiff has an adequate alternative forum in Canada for his individual lawsuit. His class claims are irrelevant to this analysis, as shown below.

**3.      Plaintiff's pleading of a class action is irrelevant to the forum non conveniens analysis**

Plaintiff's Opposition asserts that the putative class is part of the forum non conveniens analysis (Opp. at 6:1-10) but "Courts routinely reject arguments that limited discovery and the difficulties of certifying a class, as compared to federal courts in the United States, are relevant to a determination of whether an alternative forum is adequate." *Fabian v. LeMahieu*, No. 4:19-CV-00054-YGR, 2020 WL 3402800, at *8 (N.D. Cal. June 19, 2020) (collecting cases). *See, e.g., Carijano v. Occidental Petroleum Corp.*, 548 F. Supp. 2d 823, 830 (C.D. Cal. 2008) ("The fact that Peru lacks a class action mechanism does not make it inadequate for forum non conveniens purposes."), *rev'd on other grounds*, 643 F.3d 1216 (9th Cir. 2011); *Deirmenjian v. Deutsche Bank, A.G.*, No. 06-CV 06-774, 2006 WL 4749756, at *8 (C.D. Cal. Sept. 25, 2006) ("The mere fact that Germany lacks a class action mechanism does not make it inadequate for forum non conveniens purposes, however."); *Sarei v. Rio Tinto PLC*, 221 F. Supp. 2d 1116, 1170 (C.D. Cal. 2002) ("Nonetheless, the court finds that the unavailability of class actions ... do not render Papua New Guinea an inadequate forum for forum non conveniens purposes.")

Therefore, the only relevant inquiry is whether Plaintiff himself could seek a remedy in Canada. There is no showing that he cannot. Canada is an adequate alternative forum.

**B.      Plaintiff fails to show that the private interest factors favor him**

Plaintiff's Opposition fails to show the private interest factors warrant maintaining this case in this forum. Plaintiff asserts that this Court should show deference to his choice of forum. (Opp. at 8:13-15) However, "[e]ven considering this deference, however, Plaintiffs' citizenship does not, on its own, end the forum non conveniens analysis." *Velasco v. Americanos USA*, LLC, No. CV 13-05251-

VAP DTBX, 2014 WL 266803, at *6 (C.D. Cal. Jan. 10, 2014) (granting forum non conveniens motion). "In practice, 'the cases demonstrate that defendants frequently rise to the challenge of showing an alternative forum is the more convenient one' ". *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 767 (9th Cir. 1991) (citing *Contact Lumber Co. v. P.T. Moges Shipping Co.,* 918 F.2d 1446, 1449 (9th Cir. 1990)).

As just one example, in *Velasco*, 2014 WL 266803, at *6, the Court granted a forum non conveniens motion despite the California plaintiff's choice of forum in this district. Plaintiff's choice of forum is not dispositive, and Plaintiff's Opposition fails to show that the private or public factors weigh in his favor. Therefore, this Court should address the private factors shown below.

The private interest factors include the following: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1206–07 (9th Cir. 2009). As shown below, Plaintiff's Opposition fails to show the balance of these factors favor dismissal.

### 1. Residence of parties and the witnesses in Canada favor dismissal

This factor favors dismissal in this case. The Ninth Circuit has instructed that a court's consideration of access to witnesses and evidence should not focus simply on the number of witnesses but instead "should evaluate the materiality and importance of the anticipated [evidence and] witnesses' testimony and then determine[ ] then accessibility and convenience to the forum." *Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1146 (9th Cir. 2001).

To establish a TCPA claim, Plaintiff must show (1) the defendant called a cellular telephone number, (2) using an automatic telephone dialing system, and (3)

without the recipient's prior express consent. *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012), citing 47 U.S.C. § 227(b)(1).

Plaintiff's Opposition asserts that other decisions support the notion that Digitech could be compelled to obtain call records from its Canadian vendor, the private interest factors favor him. (Opp. at 9:15-27, 10:1-11.) This argument fails for several reasons. First, there has been no showing that these third-party records are in Digitech's possession, custody, or control. The party seeking the documents bears the burden of demonstrating that the responding party exercises such control. *In re NCAA Student-Athlete Name & Likeness Litig.*, 2012 WL 161240 at *2 (N.D. Cal., Jan. 17, 2012 (citing *Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989)). "[P]roof of 'theoretical control is insufficient; a showing of actual control is required.' " 2012 WL 161240 at *2 (*citing Int'l Union*, 870 F.2d 1450, 1453-54).

Second, Plaintiff never addresses Digitech's argument that he needs to show Digitech called him via an ATDS. This is an element of Plaintiff's claim to prove. *See Meyer, supra*. The company Call Center Development Services (CCDS) that provided the equipment at issue to make calls, resides in Canada. (Scanzano Decl. ¶¶ 10-12.) The information Plaintiff needs to demonstrate he was called via an ATDS resides in Canada. Whether Plaintiff was called with an ATDS is more "material and important" to Plaintiff's lawsuit than the call records relating to the class. Per *Lueck v. Sundstrand Corp.,* 236 F.3d at 1146, this factor favors dismissal.

## 2.     Convenience to litigants in Canada favors dismissal

This factor favors dismissal as all of the relevant evidence is located in Canada. *Herd,* 2017 WL 6504162, at *4 ("Furthermore, the evidence the Defendants would rely on is largely foreign as well. evidence relating to the alleged design defect in the Aircraft and engines is outside the United States.") Even if Digitech was obligated to obtain call records from CCDS, Plaintiff does not argue that Digitech could obtain ATDS information from CCDS and the evidence is to the contrary.

(Scanzano Decl. ¶ 13) (ECF 52-2 at 2.)  Plaintiff has therefore waived opposition on the ATDS issue.  *See Walsh v. Nevada Dept. of Human Resources,* 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that plaintiff who failed to address issues raised in a defendant's motion to dismiss in his opposition brief "has effectively abandoned his claim, and cannot raise it on appeal")

### 3.    Access to evidence in Canada favors dismissal

This factor favors dismissal for the same reason as the "convenience for litigants" factor—all of the relevant evidence is located in Canada.  *See Herd*, 2017 WL 6504162, at *4; *Faconnable Casa v. A. Joffe USA, Inc., No. CV0903666SVWMANX,* 2009 WL 10675119 at *10 (C.D. Cal. Sept. 22, 2009) (holding this factor favored dismissal where "On balance, however, because the Plaintiffs' documents, as well as third party documents are in Mexico, the majority of the proof needed to litigate this dispute will come from Mexico").

This factor favors dismissal.

### 4.    Plaintiff fails to show that the availability of compulsory process in Canada favors dismissal

Digitech's Motion asserted that evidence regarding the dialing system from third party CCDS would have to be obtained via a letter rogatory.  Plaintiff does not address this issue, choosing only to focus on records of calls and therefore waived opposition. *See Walsh, supra*.

Moreover, the unwillingness of foreign witnesses to appear for trial argues in favor of dismissal. *Velasco*, 2014 WL 266803, at *10.  In that case, the Court granted a motion to dismiss, holding that the Mexican defendants had provided evidence that at least some witnesses were unwilling to appear at trial.  In the same manner, to require witnesses from Digitech to travel to the United States would impose great expense to Digitech.  (Scanzano Decl. ¶¶ 14-17.)

This factor favors dismissal.

**5.    Cost of bringing Canadian witnesses to trial favors dismissal**

Plaintiff does not address this factor and has waived opposition in this regard. *See Walsh, supra.*

**6.    Enforceability of the judgment in Canada favors dismissal**

Plaintiff does not address this factor and has waived opposition.  Regardless, Plaintiff cannot show that he would not be able to enforce a Canadian judgment against Digitech, a Canadian company. *See, e.g., Randhawa v. Skylux Inc.*, No. CIV. 2:09-02304 WBS, 2013 WL 3354453, at *4 (E.D. Cal. July 3, 2013) (holding "Although plaintiff argues that the enforceability of an Indian judgment is uncertain, plaintiff fails to explain how an Indian court judgment would not be binding on defendant, especially given that defendant is an Indian company.")

**C.    Plaintiff concedes the public interest factors**

Plaintiff's Opposition does not address the public interest factors set forth in Defendant's motion and has therefore waived opposition in this regard. *See Walsh, supra.*

Plaintiff's Opposition concedes argument as to all of the public interest factors and at least half of the private interest factors.  This is a case where Digitech's showing of the private and public interest factors are overwhelming and prevail over Plaintiff's initial choice of forum in this District.

**III.    CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's FAC based on the doctrine of forum *non conveniens*.

Dated: December 14, 2020    **CARLSON & MESSER LLP**

By: /s/ David J. Kaminski
　　　David J. Kaminski
　　　Stephen A. Watkins
　　　Attorneys for Defendant
　　　7231911 CANADA INC. D/B/A
　　　DIGITECH PAYMENTS

## <u>CERTIFICATE OF SERVICE</u>

I, David J. Kaminski, hereby certify that on this 14th day of December, 2020, a true and accurate copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

/s/David J. Kaminski
David J. Kaminski
CARLSON & MESSER LLP

{00143378;1}

11

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
2:20-cv-02960-SVW-MAA