UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02960-SVW-MAA | Date | March 8, 2021 |
|---|---|---|---|
| Title | *Terry Fabricant v. Elavon, Inc. and 7231911 Canada Inc.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    ORDER DENYING MOTION TO DISMISS [52] AND ORDERING PLAINTIFF TO MOVE FOR CLASS CERTIFICATION.

## I.     Introduction

Plaintiff Terry Fabricant ("Plaintiff") filed an amended complaint in this lawsuit on September 8, 2020 against Defendant 7231911 Canada Inc. d/b/a Digitech Payments ("Defendant").   Defendant filed a motion to dismiss for *forum non conveniens* on November 16, 2020.

For the below reasons, Defendant's motion to dismiss is DENIED.

## II.     Factual and Procedural Background

Plaintiff is an individual residing in California.   Dkt. 48 (Plaintiff's Amended Complaint, hereinafter "Amended Compl.") at ¶ 2.   Plaintiff alleges that he received an automated telemarketing call from Digitech on February 12, 2020.   *Id.* at ¶ 18.   Plaintiff asserts that the system that sent the call to Plaintiff qualifies as an automatic telephone dialing system ("ATDS") under the Telephone Consumer Protection Act of 1991 ("TCPA").   *Id.* at ¶ 32.   The TCPA prohibits the use of an ATDS to make calls to any cellphone number unless the call is made for emergency purposes or there is prior express consent of the recipient.   47 U.S.C. § 227(b)(1).   Plaintiff alleges that he did not consent to receive calls from Digitech and that the call he received on February 12 was not made for emergency purposes. Amended Compl. at ¶¶ 15, 35.

_____   :   _____

Initials of Preparer

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02960-SVW-MAA | Date | March 8, 2021 |
|---|---|---|---|
| Title | *Terry Fabricant v. Elavon, Inc. and 7231911 Canada Inc.* | | |

On March 30, 2020, Plaintiff filed the instant lawsuit alleging violations of the TCPA.    Dkt. 1 (Plaintiff's Complaint) at ¶¶ 67–72.    Plaintiff's complaint was filed on behalf of himself and a putative nationwide class of all persons whose cellphone numbers were dialed by Defendants or a third-party acting on their behalf in the four years prior to the filing of the complaint.    *Id.* at ¶ 56.    On September 9, 2020, Plaintiff filed the first amended complaint against Defendant.    Amended Compl.

On November 16, 2020, Defendant filed a motion to dismiss for forum non conveniens.    Dkt. 52-1 (Digitech's Motion to Dismiss for Forum Non Conveniens, hereinafter "Digitech MTD").

### III.    Defendants' Motion to Dismiss for *Forum Non Conveniens*

#### 1)    Legal Standard

The doctrine of forum non conveniens grants a district court "discretion to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). Dismissal pursuant to the doctrine of forum non conveniens, however, is a "drastic exercise of the court's inherent power" because, unlike a transfer of venue, it leads to the dismissal of a plaintiff's case. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011).    Thus, it is considered "an exceptional tool to be employed sparingly," and "the mere fact that a case involves conduct or plaintiffs from overseas is not enough for dismissal."    *Id.* (internal quotations omitted).

To prevail on a motion to dismiss based upon forum non conveniens, a defendant bears the burden of demonstrating (1) the adequacy of the alternative forum, and (2) that the balance of private and public interest factors favors dismissal.    *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 257 (1981); *Lueck v. Sundstrand Corp.*, 236 F.3d at 1142.    There is a strong presumption in favor of the plaintiff's chosen forum, which can be overcome if a defendant can establish that the chosen forum results in "oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience."    *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983).    And when the plaintiff is a United States citizen or resident, the plaintiff's choice of forum should be accorded significant deference and the defendant must satisfy a heavy burden of proof.    *Id.* at 256–57; *Lueck*, 236 F.3d at 1143.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02960-SVW-MAA | Date | March 8, 2021 |
|---|---|---|---|
| Title | *Terry Fabricant v. Elavon, Inc. and 7231911 Canada Inc.* | | |

"The forum non conveniens determination is committed to the sound discretion of the trial court." *Piper Aircraft Co.*, 454 U.S. at 257.

**2) Adequacy of Alternative Forum**

The threshold requirement of dismissal of an action on ground of forum non conveniens is the existence of an adequate alternative forum. *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991). An alternative forum is deemed adequate if: (1) the defendant is amenable to process there, and (2) the other jurisdiction offers a satisfactory remedy. *Carijano*, 643 F.3d at 1225 (citing *Piper Aircraft Co.*, 454 U.S. at 254 n. 22).

Here, Defendant satisfies the first requirement. Defendant has offered to accept service of process in Canada, consent to personal jurisdiction there, and waive any statute of limitations defenses for sixty days after obtaining dismissal of the case from this Court. *See* Digitech MTD at 9. This "voluntary submission to service of process" suffices to meet the first requirement for establishing an adequate alternative forum. *Carjiano*, 643 F.3d at 1225 (citing *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006)).

Defendant, however, fails to satisfy the second requirement. Generally, an alternative forum is considered adequate when the forum provides "some remedy" for the wrong at issue. *Lueck*, 236 F.3d at 1143. Typically, this test is considered "easy to pass" as a forum will be deemed inadequate only where the remedy provided is so "clearly inadequate or unsatisfactory, that it is no remedy at all." *Tuazon*, 433 F.3d at 1178 (quoting *Piper Aircraft Co.*, 454 U.S. at 254).

To show the existence of an adequate alternative forum, the defendant "must provide enough information to enable the District Court" to evaluate the alternative forum. *Piper Aircraft Co.*, 454 U.S. at 258. The amount of information that the defendant must provide, in supporting affidavits or other evidence, depends on the facts of the individual case. *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 44 (3d Cir. 1988); *Trivelloni-Lorenzi v. Pan American World Airways, Inc.*, 821 F.2d 1147, 1165 n.28 (5th Cir. 1987). While a moving defendant need not submit overly detailed affidavits to carry its burden, *see Camejo v. Ocean Drilling & Exploration*, 838 F.2d 1374, 1379-80 (5th Cir. 1988)), a defendant must provide "more detailed information" if a plaintiff expresses concerns regarding the

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02960-SVW-MAA | Date | March 8, 2021 |
|----------|------------------------|------|---------------|
| Title | *Terry Fabricant v. Elavon, Inc. and 7231911 Canada Inc.* | | |

adequacy of a foreign forum or provides evidence that controverts defendant's evidence, *see id* at 1379-80 n. 17; *EIG Energy Fund XIV, L.P. v. Petróleo Brasileiro S.A.*, 246 F. Supp. 3d 52, 75 (D.D.C. 2017).

Here, Plaintiff submitted the expert declaration of Susan Brown, a practitioner in Ontario. Brown explains that, like the United States, Canada enacted a law—section 41 of the *Telecommunications Act*, S.C. 1993, c. 38—to regulate telemarketing.   However, unlike the TCPA, Canada's law "does not allow for private right of action for recipients of unsolicited telemarketing calls" and "does not apply to calls made to telephone numbers outside of Canada."   *See* Brown Decl. at ¶ 5.

Brown also argues that Canadian tort law would not provide a remedy for Plaintiff.   In particular, Brown asserts that the tort of "intrusion upon seclusion" does not apply to telemarketing calls.   *See id.* at ¶ 6.   To support her argument, she explains that the *Jones* case—a Canadian case that Defendant cites to—stands for the proposition that while the tort of "intrusion upon seclusion" exists in Ontario, the cause of action is expressly limited to "'only intrusions into matters such as one's financial or health records, sexual practices and orientation, employment, diary or private correspondence that, viewed objectively on the reasonable person standard can be described as highly offensive' and likely to induce anguish."   *See id.* at ¶ 6. (quoting *Jones* at ¶ 72).   Brown also explains that another case Defendant relies on, *Provincial Partitions Inc. v. Ashcor Inplant Structures Ltd.*1993 O.J. No. 4685, 41 A.C.W.S. (3d) 823, 50 C.P.R. (3d) 497, Ontario Court (General Division)—which held that a defendant "committed the tort of nuisance by invasion of privacy through abuse of telephone communications," *Jones* at ¶ 78—is inapposite.   Specifically, Brown argues that *Provincial Partitions* "concerned a campaign of hundreds of 'harassing' and 'threatening' phone calls, including death threats to family members, between individuals involved in a protracted business dispute," and no Ontario case has ever expanded the "tort of intrusion upon seclusion—or any other tort—to the practice of telemarketing." Brown Decl. at ¶ 6.

In light of Brown's declaration, it is Defendant's burden to offer more detailed information regarding the existence of an adequate remedy in Canada.   Defendant advances three arguments in its attempt to do so, but none are persuasive.

First, Defendant moves to exclude Brown's testimony on the ground that the Brown Declaration inappropriately applies foreign law to the facts of the case.   Digitech MTD at 2.   Defendant relies on

|  |  | : |
|--|--|---|
| | Initials of Preparer | |
| | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02960-SVW-MAA | Date | March 8, 2021 |
|---|---|---|---|
| Title | *Terry Fabricant v. Elavon, Inc. and 7231911 Canada Inc.* | | |

two district court cases, *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1052 (C.D. Cal. 2013) and *Krish v. Balasubramaniam*, No. 1:06–CV–01030 OWW, 2006 WL 2884794, *3 (E.D.Cal. Oct. 10, 2006), which held that "evidence from foreign law experts submitted pursuant to [Fed.R.Civ. P.] 44.1 is admissible only to aid a court's understanding of foreign law" and thus "foreign law experts may not opine to the ultimate application of the foreign law to the facts of the case."

These rulings, however, are not aligned with the relaxed standard of Rule 44.1, which governs how U.S. courts should treat issues raising foreign law.   Rule 44.1 gives courts considerable discretion in deciding whether or not to consider a party's submission regarding relevant foreign law.   *See, e.g.*, *Thomson Consumer Elecs., Inc. v. Innovatron*, S.A.,3 F.Supp.2d 49, 52 (D.D.C.1998) ("When answering a question of foreign law, a federal court is authorized to look to a host of sources, including evidence in the form of expert testimony").   And under Rule 44.1, "[t]he court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."   Fed.R.Civ.P. 44.1; *see also* Fed.R.Civ.P. 44.1 Advisory Committee Note (noting that the rule was designed to avoid the fact that the ordinary rules of evidence "have in the past prevented examination of material which could have provided a proper basis for the determination. The new rule permits consideration by the court of any relevant material, including testimony, without regard to its admissibility under Rule 43 [and thus, the Federal Rules of Evidence]."); *Vincent Sicre de Fontbrune v. Wofsy*, 838 F.3d 992, 997 (9th Cir. 2016) ("Rule 44.1 thus unshackles courts and litigants from the evidentiary and procedural requirements that apply to factual determinations.").

Thus, a court is free to consider a foreign law expert's opinion even on ultimate legal conclusions.   See *Winn ex Rel. Scottish re Group v. Schafer*, 499 F. Supp. 2d 390, 11396 n.28 (S.D.N.Y. 2007).   It is even authorized to "engage in its own research and consider any relevant material thus found."   Fed.R.Civ.P. 44.1 Advisory Committee Note.   Finally, even if Rule 44.1 binds courts to the Federal Rules of Evidence, Rule 704 states that "an opinion is not objectionable just because it embraces an ultimate issue."   F.R.E. 704.   Accordingly, Defendant's objection to the Brown Declaration lacks merit.

Second, Defendant contends that even if the Canadian tort of intrusion upon seclusion may not apply to Plaintiff's claim, there are other more traditional common law causes of action in Canada, such

:  _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02960-SVW-MAA | Date | March 8, 2021 |
|---|---|---|---|
| Title | *Terry Fabricant v. Elavon, Inc. and 7231911 Canada Inc.* | | |

as invasion of privacy, nuisance, or trespass, that may provide Plaintiff avenue for redress.    Digitech Reply at 3—5.    Thus, Defendant argues that because Canada seemingly provides some potential avenue of redress, Canada is an adequate forum.    *Id.*

However, Defendant fails to address the concerns raised by Brown's declaration that each of Defendant's proposed causes of action would not apply to telemarketing calls.    And by failing to address Brown's testimony, Defendant fails to satisfy the "heavy burden" of demonstrating that Canada is an adequate forum to resolve Plaintiff's claim.    *See EIG Energy Fund XIV, L.P.,* 246 F. Supp. 3d at 75 (finding that Defendant's declaration that "draws, at best, an ambiguous distinction [of law]" does not satisfy the "heavy burden" of demonstrating adequacy of forum); *see also Ridgway v. Phillips*, No. 18-cv-07822-HSG, at *7 (N.D. Cal. Apr. 18, 2019) (finding that Defendant's cursory conclusion that the United Kingdom can address the dispute alleged by the Plaintiff without reference to any legal authority is insufficient to warrant dismissal).

Finally, Defendant claims that Plaintiff has not shown that a Canadian court would decline to apply the TCPA to Plaintiff's case.    Digitech MTD at 3 (citing *Cinematix, LLC v. Einthusan*, No. 19-CV-02749-EMC, 2020 WL 227180, at *2 (N.D. Cal. Jan. 15, 2020) (granting motion to dismiss pursuant to forum non conveniens in part because plaintiffs did not "argue[] that a court in Canada cannot apply United States copyright law.")).

That contention, however, improperly inverts the parties' respective burdens.    *See Cheng*, 708 F.2d at 1411 ("the burden of proving an alternative forum is the defendant's and that the remedy must be clear before the case will be dismissed.").    In other words, it is Defendant's burden to show that a Canadian court *would* apply the TCPA, not Plaintiff's burden to show that a Canadian court would not.

For the foregoing reasons, Defendant failed to provide sufficient evidence to demonstrate that Canada is an adequate alternative forum that would be able to address Plaintiff's claim.[1]

---

[1]  Plaintiff also argues that Canada is not a viable alternative forum because "there would be no putative class if the case was transferred to Canada."    Opp. at 6.    Courts, however, have routinely rejected arguments that the unavailability of procedural mechanisms such as class action render a foreign forum inadequate for purposes of forum non conveniens analysis.    *See, e.g.*, *Sarei v. Rio Tinto PLC*, 221 F. Supp. 2d 1116, 1170 (C.D. Cal. 2002) ("[T]he court finds that the unavailability of class actions . . . do[es] not render Papua New Guinea an inadequate forum for forum non conveniens

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02960-SVW-MAA | Date | March 8, 2021 |
|---|---|---|---|
| Title | *Terry Fabricant v. Elavon, Inc. and 7231911 Canada Inc.* | | |

Because the Court finds that Defendant failed to meet its burden on the first prong, the Court need not address the balance of public and private factors here.

### IV.    Conclusion

For the foregoing reasons, Digitech's motion to dismiss is DENIED.    Plaintiff is ORDERED to move for class certification within 75 days of the date of this order.

IT IS SO ORDERED.

---

purposes."). However, Plaintiff's inability to form a class in a foreign forum may be relevant to the balancing of the public and private interest factors. *See In re Banco Santander Secs.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1334 (S.D. Fla. 2010) ("The availability of a class action procedure goes to the issue of convenience, not adequacy").

:

Initials of Preparer

PMC